# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

|  |  |
|---|---|
| NATIONAL ASSOCIATION OF WHOLESALER-DISTRIBUTORS,<br><br>     Plaintiff,<br><br>v.<br><br>JILL HUNSAKER RYAN, EXECUTIVE DIRECTOR OF THE COLORADO DEPARTMENT OF PUBLIC HEALTH & ENVIRONMENT, in her official capacity,<br><br>     Defendant. | **Case No. 1:26-cv-03460** |

## PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE MOTION FOR PRELIMINARY INJUNCTION AND SUPPORTING MEMORANDUM <u>IN EXCESS OF PAGE LIMIT</u>

Plaintiff moves for leave to file a 39-page combined Motion for Preliminary Injunction and supporting Memorandum of Law ("Motion"). A copy of the Motion is filed herewith as Exhibit A to this motion.

Plaintiff's Complaint challenges as unconstitutional Colorado's Producer Responsibility Program for Statewide Recycling Act ("the Act"). The Act establishes a statewide recycling system but shifts recycling costs from taxpayers to certain private companies, many of which operate in national supply chains and are located across the United States. The Act also delegates control of this new system to an unaccountable private party controlled by a few large members of the regulated companies.

The Complaint alleges that the Act violates the multiple provisions of the United States Constitution. Among other legal deficiencies, the Act violates the Fourteenth Amendment's Due

Process Clause by delegating regulatory power to a self-interested private party. It violates the Dormant Commerce Clause because it imposes extensive burdens on interstate commerce even though Colorado could increase recycling through means that cause little, if any, disruption of interstate commerce. It also violates the First Amendment, because it both prohibits protected speech and compels companies to pay for speech they disagree with.

Plaintiff respectfully submits that a combined Motion and Memorandum of 39 pages is necessary to introduce the Act and the complex program it establishes, describe the harm it inflicts on Plaintiff's members, and set out the five causes of action.

On July 30, 2026, Plaintiff's counsel conferred with Rebecca Fischer, Assistant Attorney General in the Natural Resources and Environment Section of the Colorado Attorney General's Office. Ms. Fischer authorized counsel to state that her office does not oppose Plaintiff's "Motion for Leave to File Motion for Preliminary Injunction and Supporting Memorandum in Excess of Page Limit" as long as Plaintiff does not oppose a motion by Defendant for a similarly overlength brief, and for an extension of three weeks to respond. Plaintiff will not oppose such a motion by Defendant.

WHEREFORE, Plaintiff respectfully requests that the Court grant leave to file the attached Motion.

July 30, 2026

Respectfully submitted,

*/s/ Andrew J. Morris*
Andrew J. Morris #DC411865
Jacob H. Huebert #IL6305339
New Civil Liberties Alliance
4250 N. Fairfax Drive
Suite 300
Arlington, VA 22204
(202) 869-5210
Attorneys for Plaintiff

3

**CERTIFICATE OF CONFERENCE**

I hereby certify that on July 30, 2026, as required by Local Rule 7.1(a), I conferred with Rebecca Fischer, Assistant Attorney General in the Natural Resources and Environment Section of the Colorado Attorney General's Office. Ms. Fischer authorized counsel to state that her office does not oppose Plaintiff's "Motion for Leave to File Motion for Preliminary Injunction and Supporting Memorandum in Excess of Page Limit" as long as Plaintiff does not oppose a motion by Defendant for a similarly overlength brief, and for an extension of three weeks to respond. Plaintiff will not oppose such a motion by Defendant.

*/s/ Andrew J. Morris*
Andrew J. Morris