**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

NATIONAL ASSOCIATION OF WHOLESALER-DISTRIBUTORS,
Plaintiff,

v.

JILL HUNSAKER RYAN, Executive Director of the Colorado Department of Public Health & Environment, in her official capacity,
Defendant.

**Civil Action No. 1:26-cv-03460-PAB-NRN**

---

**SCHEDULING ORDER**

---

## 1. DATE OF SCHEDULING CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

Date of Conference: October 21, 2026.

Appearing for Plaintiff: Andrew J. Morris and Jacob H. Huebert, New Civil Liberties Alliance, 4250 N. Fairfax Drive, Suite 300, Arlington, VA 22203, (202) 869-5210. andrew.morris@ncla.legal; jacob.huebert@ncla.legal.

Appearing for Defendant Jill Hunsaker Ryan, Executive Director of the Colorado Department of Public Health & Environment (the Department), in her official capacity: Rebecca J. Fischer and Pawan Nelson, Senior Assistant Attorneys General, 1300 Broadway, Denver, CO 80203, (720) 508-6265, rebecca.fischer@coag.gov; (720) 508-6578, pawan.nelson@coag.gov.

## 2. STATEMENT OF JURISDICTION

Plaintiff's position is that this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343(a)(3) because the claims arise under the Constitution and laws of the United States. Plaintiff brings claims under 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States.

Defendant's position is that the Court currently has subject matter jurisdiction because plaintiff claims a violation of federal law and seeks prospective injunctive relief. See *Ex Parte Young*, 209 U.S. 123 (1908). Defendant does not waive sovereign immunity.

## 3. STATEMENT OF CLAIMS AND DEFENSES

### a. Plaintiff

Plaintiff National Association of Wholesaler-Distributors ("NAW") sues on behalf of its members under 42 U.S.C. § 1983 and 28 U.S.C. § 2201 to challenge Colorado's Producer Responsibility Program for Statewide Recycling Act, Colo. Rev. Stat. § 25-17-701 et seq. (the "Act"). The Act requires "producers" of packaging and paper products sold in Colorado, including many NAW members, to join and pay fees to a single private organization designated by the Colorado Department of Public Health & Environment ("CDPHE"), Circular Action Alliance ("CAA"). NAW states five claims, which respectively allege that the Act violates the United States Constitution in the following ways:

1. It violates the Due Process Clause of the Fourteenth Amendment by delegating regulatory authority to CAA, a private organization governed by representatives of large companies that include competitors of NAW's members, without sufficient standards or governmental oversight.

2. It further violates the Due Process Clause of the Fourteenth Amendment by imposing unconstitutional conditions: It requires each producer who wishes to sell in Colorado to submit to regulation by CAA and to accept CAA's contract terms, which include a waiver of the producer's right to a judicial forum and a requirement that the producer pay fees that are not proportional to the burdens that its products impose.
3. It violates the Dormant Commerce Clause by discriminating against interstate commerce and imposing burdens on interstate commerce that are excessive in relation to its local benefits.
4. It violates the First Amendment's guarantee of free speech by prohibiting producers from charging consumers a "point-of-sale or point-of-collection fee" to recoup their costs of complying with the Act. This provision bars producers from identifying the portion of a price attributable to the Act as a "fee" on invoices and similar communications. Colo. Rev. Stat. § 25-17-714.
5. It violates the First Amendment by compelling producers to join CAA and fund its speech.

NAW seeks declaratory relief, a permanent injunction against enforcement of the Act against its members, and attorneys' fees and costs under 42 U.S.C. § 1988.

**b. Defendant**

This case is about Colorado's right to reduce the amount of garbage going to its landfills and improve recycling. Both are major public policy issues in Colorado, with significant environmental, economic, and public health implications. To address these issues, the Colorado General Assembly duly passed Colorado's Producer Responsibility Program for Statewide

Recycling (the Program) in May 2022, and the Governor signed it into law in June 2022. The requirements of the Program are now codified at Colorado Revised Statutes Sections 25-17-701 to 716. The Solid and Hazardous Waste Commission has also adopted regulations for the Program at 6 Colorado Code of Regulations Section 1007-2, Subsection 18.

The Program, once fully implemented, will bring recycling to 700,000 additional households across the state and more than double Colorado's recycling rate. To achieve this, the Program requires producers of paper products and products using packaging materials ("covered materials") to pay into a fund to cover the costs of recycling these materials. Producers must participate in the Program by July 1, 2025 and can do so by joining the designated Producer Responsibility Organization (PRO), here CAA, whose plan was developed through an extensive, years-long, public review process. Or producers can develop and submit an individual program plan (IPP), describing how those producers will achieve the Program's objectives. The PRO's plan proposal and all IPPs are subject to review, approval, and sustained oversight by the Department.

Producers of packaging materials are obligated to pay dues into the Program in the following order: the brand owner directing or performing the manufacturing, the brand or trademark licensee directing or performing the manufacturing, the manufacturer, the importer into the U.S., or if none of these exist, the first distributor into the state. Therefore, if the brand owner has registered, a distributor of the same product does not need to register. The Act exempts producers who are small businesses based on gross total revenue. The Act also exempts various types of covered materials, such as packaging of products regulated as a drug, medical

device, or dietary supplement. The Act also allows producers to request exemption of product packaging by rule.

Here, NAW's claims lack merit. The Program is a valid exercise of the state's authority to address waste disposal problems and protect the environment. It does not violate Due Process, the dormant Commerce Clause, or the First Amendment. Accordingly, NAW's claims should be dismissed.

**4. UNDISPUTED FACTS**

The following facts are undisputed:

1. Plaintiff NAW is a national trade association comprised of wholesalers and distributors.

2. Plaintiff was founded in 1946.

3. Defendant Jill Hunsaker Ryan is the Executive Director of the Department, the Colorado state agency charged with administering and enforcing the Act, Colo. Rev. Stat. § 25-17-705(7).

4. On May 1, 2023, the Department designated CAA as the PRO in Colorado.

5. CAA submitted a plan proposal on February 3, 2025, and a revised plan proposal on June 30, 2025 and November 14, 2025.

6. The Department approved the final program plan in December 2025.

## 5. COMPUTATION OF DAMAGES

**a. Plaintiff**

Plaintiff seeks injunctive and declaratory relief for the violation of its members' constitutional rights. Plaintiff does not seek damages but seeks attorneys' fees and costs under 42 U.S.C. § 1988.

**b. Defendant**

As a state official sued in her official capacity, Defendant is immune from a suit for damages in federal court under the Eleventh Amendment. Plaintiff's claims are meritless, so plaintiff is not entitled to fees and costs.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

**a. Date of Rule 26(f) meeting.**

The Fed. R. Civ. P. 26(f) meeting was held on September 30, 2026.

**b. Names of each participant and party he/she represented.**

For Plaintiff: Andrew J. Morris, Jacob H. Huebert, and Faith Scrivo.

For Defendant: Rebecca J. Fischer, Pawan Nelson, and Laura F. Kelly (paralegal).

**c. Statement of when Rule 26(a)(1) disclosures were made or will be made.**

At the Rule 26(f) meeting, Defendant asked to extend Rule 26(a)(1) initial disclosure deadline from October 14, 2026 to October 30, 2026, and Plaintiff agreed to the proposed extension.

**d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

Other than the extension of the Rule 26(a)(1) initial disclosure deadline stated in paragraph

6(c), the parties do not propose any limitations or modifications to the discovery rules.

**e. Statement concerning any agreements to conduct informal discovery.**

None.

**f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

None.

**g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The parties do not anticipate that discovery will involve extensive electronically stored information ("ESI"). The parties agree to preserve all relevant ESI in the form in which it is maintained in the usual course of business. ESI shall be produced in that form or another reasonably usable form agreed upon by the parties, through a secure portal or other agreed-upon means. The parties will confer in good faith about search methods, cost, and any ESI disputes before seeking Court intervention, and will comply with the Court's Electronic Discovery Guidelines and Checklist.

**h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

## 7. CONSENT

The parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

**a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

The parties do not propose any modifications to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

**b. Limitations which any party proposes on the length of depositions.**

The parties do not propose any limitations or modifications to the discovery rules regarding length of depositions.

**c. Limitations which any party proposes on the number of requests for production and/or requests for admission.**

The parties do not propose any limitations or modifications to the discovery rules regarding the number of requests for production and/or requests for admission.

**d. Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions.**

The parties are expected to serve interrogatories, requests for production and/or requests for admission on a schedule that allows timely responses on or before the discovery cut-off date.

**e. Other Planning or Discovery Orders**

None.

## 9. CASE PLAN AND SCHEDULE

**a. Deadline for Joinder of Parties and Amendment of Pleadings:**

December 4, 2026.

**b. Discovery Cutoff:**

March 22, 2027.

**c. Dispositive Motion Deadline:**

Summary judgment motions shall be due on April 21, 2027.

**d. Expert Witness Disclosure:**

**1. The parties shall identify anticipated fields of expert testimony, if any.**

Plaintiff anticipates that it may designate expert witnesses who may address (1) the extended producer responsibility ("EPR") program created by the Act; the theoretical basis for EPR programs; empirical data relating to EPR programs in other jurisdictions; and how Colorado's program compares to historical examples of EPR programs; and (2) Colorado's EPR program from a supply-chain and economic perspective, the role of wholesalers and distributors in supply chains, and EPR implementation problems for wholesalers and distributors.

Defendant anticipates that it may designate expert witness who may address: (1) the formation and reasons for the Program, the development and implementation of the Program, enforcement of the Program, exemptions under the Program, and any other relevant administrative topics; (2) other Colorado producer responsibility or product stewardship programs; (3) producer responsibility programs in other jurisdictions and how Colorado's program compares; (4) the benefits of producer responsibility programs in other jurisdictions and Colorado; and (5) an economic expert to address and rebut claims of negative impacts on interstate commerce.

**2. Limitations which the parties propose on the use or number of expert witnesses.**

The parties do not propose any limitations or modifications to rules regarding the use or number of expert witnesses.

**3. The parties shall designate all affirmative experts and provide all information specified in Fed. R. Civ. P. 26(a)(2)** on or before January 26, 2027.

**4. The parties shall designate all rebuttal experts and provide all information specified in Fed. R. Civ. P. 26(a)(2)** on or before February 25, 2027.

**e. Identification of Persons to Be Deposed:**

Plaintiff anticipates that depositions may be needed from some or all of the witnesses listed below. Plaintiff also may need to depose one or more additional witnesses from CDPHE who perform certain functions in implementing and overseeing the Producer Responsibility Program. Plaintiff anticipates identifying the specific deposition witnesses through interrogatories.

Defendant currently anticipates that depositions may be needed from the witnesses and entities listed in its section of the chart below. However, Defendant has not yet received initial disclosures or discovery from Plaintiff. Defendant may seek to depose additional or alternative witnesses depending on the information that is obtained during discovery.

| ***Name of Possible Deponent*** | ***Expected Length of Deposition*** |
|---|---|
| **Plaintiff** | |
| Wolfgang Kray (Unit Leader for Materials Management Unit, Solid Waste Materials Management Program, CDPHE Hazardous Materials and Waste Management Division) | Up to seven hours |
| Mellik Gorton (Environmental Protection Specialist and Producer Responsibility Lead, Materials Management Unit) | Up to seven hours |
| Vanessa Fiene (Producer Responsibility Compliance Specialist, Materials Management Unit) | Up to seven hours |
| Circular Action Alliance or Circular Action Alliance Colorado LLC (Rule 30(b)(6) designee) | Up to seven hours |
| **Defendant** | |
| Brian Wild, Chief Government Relations Officer of Plaintiff National Association of Wholesaler-Distributors | Up to seven hours |

| *Name of Possible Deponent* | *Expected Length of Deposition* |
|---|---|
| Emily George, Senior Vice President at Shamrock Foods Company | Up to seven hours |
| Corey Rodriguez, Vice President of Sales – West Region at R.J. Schinner Company, Inc. | Up to seven hours |
| National Association of Wholesaler-Distributors (Rule 30(b)(6) designee) | Up to seven hours. |

## 10. DATES FOR FURTHER CONFERENCES

**a. Status conferences will be held at the following dates and times:**

________________, 20__ at __ o'clock ____m.

**b. A final pretrial conference will be held at the following date and time:**

________________, 20__ at __ o'clock ____m.

A Final Pretrial Order shall be prepared by the parties and submitted to the Court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

**a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

Plaintiff seeks to have the Court schedule a hearing for oral argument on its motion for preliminary injunction (ECF 11) as soon as practicable.

Defendant does not agree that oral argument on the NAW's Motion for Preliminary Injunction (ECF No. 11) needs to be scheduled as soon as possible given that NAW's has provided no explanation for its request for expedited treatment of its Motion. Additionally, the Department has filed a Motion to Dismiss (MTD) NAW's due process claims (ECF No. 20). Thus, the Department requests the Court hold oral argument on the MTD separately and before the hearing

NAW's Motion for Preliminary Injunction.

**b. Anticipated length of trial and whether trial is to the court or jury.**

Plaintiff anticipates seeking approximately four days to present its case in a bench trial.

Defendant requests the same amount of time as Defendant to present its case in a bench trial. However, the Defendant does not believe it will need four days to present its case. The Department believes three days would be sufficient.

**c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/ Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse, 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.**

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a), the Uniform Civil Practice Standards for Magistrate Judges, and any additional Order of the assigned Magistrate Judge regarding discovery dispute procedures.

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13. AMENDMENTS TO SCHEDULING ORDER

This scheduling order cannot be altered or amended except upon a showing of good cause.

DATED at ____________, Colorado, this ____ day of ____________, 20__.

BY THE COURT:

______________________________

N. Reid Neureiter
United States Magistrate Judge

APPROVED AS SUBMITTED ON OCTOBER 14, 2026:

*/s/ Andrew J. Morris* ________________
Andrew J. Morris #DC411865
Jacob H. Huebert #IL6305339
NEW CIVIL LIBERTIES ALLIANCE
4250 N. Fairfax Drive, Suite 300
Arlington, VA 22203
(202) 869-5210
andrew.morris@ncla.legal
jacob.huebert@ncla.legal
*Attorneys for Plaintiff*

*/s/ Rebecca J. Fischer* ____
Rebecca J. Fischer, #CO51604
Pawan Nelson, #CO49462
Senior Assistant Attorneys General
1300 Broadway
Denver, CO 80203
(720) 508-6265
rebecca.fischer@coag.gov
pawan.nelson@coag.gov
*Attorneys for Defendant*